SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SARATOGA

WILLIAM HUYBEN and KERRY HUYBEN,

Plaintiff,

-Against-

VILLAGE OF BALLSTON SPA, VILLAGE OF BALLSTON SPA POLICE DEPARTMENT and POLICE OFFICER EDWARD ACKLEY,

Defendants.

**SUMMONS**

Index No.:

The basis for venue in Saratoga County is that Plaintiff resides in Saratoga County and the events complained of occurred in Saratoga County.

To:

Village of Ballston Spa
66 Front Street
Ballston Spa, NY 12020

Village of Ballston Spa
Police Department
78 Thompson Street
Ballston Spa, NY 12020

Edward Ackley
78 Thompson Street
Ballston Spa, NY 12020

**YOU ARE HEREBY SUMMONED** and required to serve upon Plaintiffs attorney an Answer to the Complaint in this action within twenty (20) days after service of this Summons, exclusive of the day of service, or within thirty (30) days after service is complete if this Summons is not personally delivered to you within the State of New York. In case of your failure to answer, judgment will be taken against you by default for the relief demanded in the Complaint.

Dated:

January 9, 2026
Saratoga Springs, New York

LAW OFFICE OF MARK J. SACCO, PLLC

By: ______________________

Mark J. Sacco, Esq.
Attorneys for Plaintiffs
75 Woodlawn Avenue
Saratoga Springs, NY
12866
(518) 380-6005

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SARATOGA

---

WILLIAM HUYBEN and KERRY HUYBEN,

Plaintiffs,

**VERIFIED COMPLAINT**

-Against-

Index No.:

VILLAGE OF BALLSTON SPA, VILLAGE OF BALLSTON SPA POLICE DEPARTMENT and POLICE OFFICER EDWARD ACKLEY,

Defendants.

---

Plaintiffs WILLIAM HUYBEN and KERRY HUYBEN, by and through their attorney, Mark J. Sacco, Esq., as and for his Verified Complaint, state and allege the following:

1. At all relevant times, Plaintiffs resided at 5107 Fairground Avenue, Ballston Spa, New York 12020 and presently are residents of Saratoga County.

2. Plaintiffs are private citizens.

3. At all relevant times, Defendant Village of Ballston Spa is and was a municipality and governmental subdivision of the State of New York. The principal offices of the Village of Ballston Spa are located at 66 Front Street, Ballston Spa, New York 12020.

4. At all relevant times, Defendant Village of Ballston Spa Police Department is and was a municipal agency of the Village of Ballston Spa.

5. For purposes of this action, Defendant Village of Ballston Spa is deemed to have acted through the Defendant Village of Ballston Spa Police Department, and the acts complained of herein of the Defendant Village of Ballston Spa Police Department and its officers were performed in the normal course of their duties and employment.

6. At all relevant times, Defendant Edward Ackley ("Defendant Ackley") is and was employed by the Village of Ballston Spa and the Village of Ballston Spa Police Department as a police officer.

7. Defendant Edward Ackley is being sued individually and in his official capacity.

8. Defendant Edward Ackley' s acts and omissions complained of herein were carried out intentionally, recklessly, with malice, gross disregard, and callous indifference to Plaintiffs' rights.

9. The principal offices of the Village of Ballston Spa Police Department are located at 78 Thompson Street, Ballston Spa, New York 12020.

10. At all relevant times, Defendant Edward Ackley and other employees of the Ballston Spa Police Department, were agents and employees of the Village of Ballston Spa and the Ballston Spa Police Department; were acting pursuant to and within the scope of their authority as employees of the Village of Ballston Spa and the Village of Ballston Spa Police Department; were using their authority in furtherance of their employer's interests; were acting under color of state law; and the Village of Ballston Spa and the Village of Ballston Spa Police Department are liable for their acts and omissions under the common law pursuant to the doctrine of respondent superior.

11. Pursuant to General Municipal Law 50-e, on or about January 9, 2024, Plaintiffs served Notice of Claim on the Defendants by providing the same to the Village of Ballston Spa, at the village offices at 66 Front Street, Ballston Spa, New York 12020.

12. Pursuant to General Municipal Law 50-h, an examination of the Plaintiffs was held on April 2, 2025.

13. More than 90 days have elapsed since service of the notice of claim upon the Defendants and filing this complaint, and the adjustment or payment of the claim has been neglected or refused.

14. Plaintiffs have complied with the requirements of General Municipal Law 50-e, 50-i, and 50-h with regard to the claims set forth herein.

15. Plaintiffs Complaint is timely filed consistent with the statute of limitations prescribed in New York's Civil Practice Law and Rules and Executive Order 202.67 (9 NYCRR 8.202.67).

**STATEMENT OF FACTS**

16. On October 13, 2024, at approximately 8:44 pm, Plaintiff William Huyben called 911 to report that his son was being aggressive and belligerent toward Plaintiff Kerry Huyben. The Saratoga County Sheriff's Department responded to the home of the Plaintiffs at 5107 Fairground Avenue, in the Town of Milton, County of Saratoga, New York.

17. Several Saratoga County Sheriff Department deputies were present and secured Plaintiffs' son by handcuffing him behind his back.

18. After the Plaintiffs' son was detained by Saratoga County Sheriff's Deputies, Defendant Edward Ackley arrived at 5107 Fairground Avenue, in the Town of Milton, County of Saratoga, New York.

19. Defendant Ackley, at the time, was a police officer in the Village of Ballston Spa.

20. Defendant Ackley arrived at Plaintiffs' home located at 5107 Fairground Avenue, in the Town of Milton, County of Saratoga, New York in response to a domestic event involving Plaintiffs' son.

21. Prior to Defendant Ackley's arrival, the Saratoga County Sheriff's Department had arrived and secured the scene.

22. Defendant Ackley entered the home of the Plaintiffs.

23. Immediately upon arrival, Defendant Ackley became aggressive towards both Plaintiffs. He then struck Plaintiff Kerry Huyben in the neck and chest with his hands. He then began to push Plaintiff William Huyben with his hands causing Plaintiff William to fall backwards.

24. Plaintiff William Huyben reached out to stabilize himself and prevent himself from falling.

25. Defendant Ackley then used his foot to sweep Plaintiff's leg from under him.

26. The force used by Defendant Ackley fractured Plaintiff William Huyben's leg and knee, causing him to fall to the ground.

27. After Plaintiff Huyben landed on the ground, his broken leg was bent in an unnatural position. The broken leg was protruding outward from the knee in an "L" shape.

28. Plaintiff William Huyben was screaming in pain and told Defendant Ackley he broke his leg.

29. Plaintiff William Huyben attempted to get up but fell back to the ground.

30. Defendant Ackley then stated, "That's not a broken leg. I know what a broken leg looks like."

31. Defendant Ackley then straddled Plaintiff William Huyben as he lay on the ground. Defendant Ackley then placed his feet on each side of Plaintiff William Huyben's broken leg. Using his feet, Defendant Ackley attempted to straighten the fractured leg and knee of Plaintiff Huyben.

32. Defendant Ackley then attempted to pick-up Plaintiff William Huyben and dropped him back to the ground. Defendant Ackley tried to pick-up Plaintiff William Huyben a second time and then dropped him back to the ground.

33. Plaintiff William Huyben was screaming in pain.

34. An deputy from the Saratoga County Sheriff's Department then assisted Plaintiff William Huyben to a chair.

35. Defendant Ackley then handcuffed Plaintiff William Huyben.

36. Defendant Ackley was then summoned to leave the area by a Saratoga County Deputy Sheriff. Once Defendant Ackley left Plaintiff William Huyben's residence, a Saratoga County Deputy Sheriff then removed the handcuffs from Plaintiff William Huyben.

37. Defendant Ackley insisted that he was going to take Plaintiff William Huyben in his squad car for further processing. After consultation with several Saratoga County Deputy Sheriff's, Defendant Ackley issued Plainiff William Huyben an appearance ticket and an ambulance was called to the scene.

38. Plaintiff William Huyben was transported, by ambulance, to Saratoga Hospital.

39. Plaintiff William Huyben was admitted to Saratoga Hospital due to the injuries caused by Defendant Ackley.

40. Plaintiff William Huyben appeared in Milton Town Court on or about October 29, 2024 for arraignment. He pleaded not guilty to the charges served upon him. The charges were Obstructing Governmental Administration in the Second Degree, PL 195.05, a class A misdemeanor and Harassment in the Second Degree, PL 240.26, a violation.

41. Plaintiff William Huyben's charge of Obstructing Governmental Administration in the Second Degree, PL 195.05 was adjourned in contemplation of dismissal and the charge of Harassment in the Second Degree, PL 240.26 was dismissed, on October 21, 2025.

42. Both Plaintiffs suffered physical, emotional, mental and reputational injuries due to the conduct of Defendant Ackley on October 13, 2024.

**AS AND FOR PLAINTIFFS' FIRST CAUSE OF ACTION**
**<u>EXCESSIVE USE OF FORCE</u>**

43. Plaintiffs repeat and reallege the allegations made in paragraphs 1 through 42 as if they were set forth fully herein.

44. Plaintiff's first claim is against Defendants for violation of their clearly established federal constitutional rights to be free from excessive force under the Fourth Amendment to the United States Constitution.

45. Defendants had no probable cause or reasonable suspicion to arrest or detain Plaintiff William Huyben or Plaintiff Kerry Huyben on October 13, 2024.

46. Defendant Ackley's act of striking Plaintiff Kerry Huyben and shoving, striking, kicking Plaintiff William Huyben in their own home was without warning and provocation.

47. Plaintiffs were unarmed.

48. Plaintiff William Huyben has severe physical limitations and his hands were in plain sight and he was in no way able to overpower Defendant Ackley given the obvious size and weight differential.

49. Plaintiffs had not engaged in any hostile or violent act toward Defendant Ackley, nor had they threatened to.

50. There was an obvious risk of physical injury, serious physical injury, or possible death by shoving, kicking and striking Plaintiffs.

51. Defendant Ackley intended to shove, kick and strike Plaintiffs where it was foreseeable that Plaintiffs would suffer physical injury, serious physical injury, or possible death.

52. Defendant Ackley then attempted to straighten the fractured leg and knee of Plaintiff William Huyben, further causing injury to Plaintiff William Huyben's leg, knee and spine.

53. Defendant Ackley's use of force was unreasonable and unnecessary.

54. It was foreseeable that Defendant Ackley's hitting, kicking and striking of the Plaintiff s would cause Plaintiffs physical injury, serious physical injury, or possible death.

55. Defendant Ackley's hitting, kicking and striking of Plaintiff William Huyben caused his leg and knee to fracture and him to make forceful impact on ground, violating Plaintiff William Huyben's constitutional right to be free from excessive force under the Fourth Amendment. Defendant Ackley's striking of Plaintiff Kerry Huyben violated her constitutional right to be free from excessive force under the Fourth Amendment.

56. As a result of Defendant's acts of assault and battery against Plaintiffs alleged herein, and continuing through the present time, Plaintiffs have experienced apprehension and fear that they are not safe in their own home.

57. Defendants Village of Ballston Spa and Village of Ballston Spa Police Department directed, instructed, failed to prevent, and acquiesced in the force used by Defendant Ackley. As a direct, legal and proximate result of the Defendants' illegal acts and omissions, Plaintiffs have been damaged and endured violations of their rights to be free from excessive force under the Fourth Amendment of the United States Constitution and were deprived of their freedom and enjoyment of life. Plaintiff William Huyben sustained injuries to his leg, knee, cervical spine, upper body, and upper/lower extremities while being placed under arrest; had trouble breathing; was forcibly handcuffed; has experienced stress, mental anguish, humiliation and damages to his reputation; and there are other unknown injuries and damages of which Plaintiff William Huyben is not presently aware. Plaintiff Kerry Huyben suffered severe emotional trauma by witnessing the assault on her husband.

58. By reason of the foregoing, the Plaintiffs have been damaged in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**AS AND FOR PLAINTIFFS' SECOND CAUSE OF ACTION -**
**COMMON LAW FALSE ARREST**

59. Plaintiff William Huyben repeats and realleges the allegations made in paragraphs 1 through 58 as if they were set forth fully herein.

60. Plaintiff William Huyben's second claim is against Defendants for violation of his rights under the common law of the State of New York to be free from false arrest and illegal imprisonment.

61. Defendants without reasonable or probable cause, illegally and without a warrant, and without any right or authority to do so, arrested Plaintiff William Huyben on October 13, 2024 and deprived Plaintiff William Huyben of his freedom of movement.

62. In restraining Plaintiff William Huyben's freedom of movement on October 13, 2024 and thereafter, Defendants intended to confine him.

63. Plaintiff William Huyben was conscious of Defendants' confinement of him.

64. Plaintiff William Huyben did not consent to Defendants' confinement of him.

65. The confinement was not otherwise privileged.

66. Defendants exceeded their authority by arresting Plaintiff William Huyben for a violation that did not occur.

67. As a direct, legal and proximate result of the Defendants' illegal acts and omissions, Plaintiff William Huyben has been damaged and endured violations of his rights to be free from excessive force under the Fourth Amendment of the United States Constitution; was deprived of his freedom and enjoyment of life; sustained injuries to his knee, leg, cervical spine, upper body, and upper/lower extremities while being placed under arrest; had trouble breathing; was forcibly handcuffed; has experienced stress, mental anguish, humiliation, and damages to his reputation; and other unknown injuries and damages of which Plaintiff is not presently aware. Plaintiff Kerry Huyben suffered severe emotional trauma by witnessing the assault on her husband.

68. By reason of the foregoing, the Plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**AS AND FOR PLAINTIFFS' THIRD CAUSE OF ACTION -**
**COMMON LAW ASSAULT AND BATTERY**

69. Plaintiffs repeat and reallege the allegations made in paragraphs 1 through 68 as if they were set forth fully herein.

70. Plaintiffs' third claim is against Defendants for assault and battery under the common law of New York State.

71. Defendants had no probable cause or reasonable suspicion to arrest or detain Plaintiff William Huyben.

72. On October 13, 2024, at approximately 8:44 pm, Defendant Ackley did intentionally and willfully and wantonly attack Plaintiff William Huyben and Plaintiff Kerry Huyben.

73. Defendant Ackley intended to make bodily contact with Plaintiff William Huyben and Plaintiff Kerry Huyben in a forceful manner.

74. Defendant Ackley intended to make his body have offensive contact with Plaintiff William Huyben's body. Defendant Ackley intended the said contact to cause Plaintiff William Huyben to fall.

75. As Defendant Ackley began to move toward Plaintiff William Huyben to make offensive contact, the Plaintiff William Huyben felt apprehension and fear of the imminent offensive contact.

76. Defendant Ackley grabbed, hit, struck and kicked Plaintiff William Huyben.

77. Defendant Ackley further intended to strike and make offensive contact with Plaintiff William Huyben by viciously punching, striking, kicking Plaintiff William Huyben's chest, shoulders, back, legs and knee.

78. Defendant Ackley further intended to make offensive contact with Plaintiff Kerry Kuyben when, using his hands and arms, he struck her chest, shoulders, neck and upper body with his hands and fists.

79. Plaintiff Kerry Huyben and Plaintiff William Huyben reasonably perceived that Defendant Ackley would strike them in an injurious manner, and Plaintiffs experienced fear and apprehension of forcible contact from Defendant Ackley.

80. As a direct result of the said offensive contact, Plaintiffs Kerry Huyben and Plaintiff William Huyben suffered physical, emotional, mental, and reputational injuries.

81. The intentional and forceful contact by Defendant Ackley in striking Plaintiffs was offensive to Plaintiffs or any reasonable person.

82. Plaintiffs did not consent to Defendant Ackley having offensive bodily contact with Plaintiffs.

83. Defendant Ackley intended to strike, punch, push and kick Plaintiffs where it was foreseeable that Plaintiffs would suffer physical injury, serious physical injury, or possible death.

84. Defendant Ackley's use of force was unreasonable and unnecessary.

85. Defendant Ackley's striking, punching, pushing and kicking of Plaintiffs violated plaintiffs constitutional right to be free from excessive force under the Fourth Amendment.

86. As a result of Defendant Ackley's acts of assault and battery against Plaintiffs alleged herein, and continuing through the present time, Plaintiffs have experienced apprehension and fear that they are not safe in their own home.

87. Defendants Village of Ballston Spa and Village of Ballston Spa Police Department directed, instructed, failed to prevent, and acquiesced in the force used by Defendant Ackley.

88. As a direct, legal and proximate result of the Defendants' illegal acts and omissions, Plaintiffs have been damaged and endured violations of their rights to be free from excessive force under the Fourth Amendment of the United States Constitution and were deprived of their freedom and enjoyment of life. Plaintiff William Huyben sustained injuries to his leg, knee, cervical spine, upper body, and upper/lower extremities while being placed under arrest; had trouble breathing; was forcibly handcuffed; has experienced stress, mental anguish, humiliation, and damages to his reputation; and other unknown injuries and damages of which Plaintiff William Huyben is not presently aware. Plaintiff Kerry Huyben suffered severe emotional trauma by witnessing the assault on her husband.

89. By reason of the foregoing, the Plaintiffs have been damaged in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**AS AND FOR PLAINTIFFS' FOURTH CAUSE OF ACTION**
**NEGLIGENT HIRING/SUPERVISION/TRAINING/RETENTION**

90. Plaintiffs repeat and reallege the allegations made in paragraphs 1 through 89 as if they were set forth fully herein.

91. Upon information and belief, the Defendants were negligent in the hiring, training, supervising and/or retention of Defendant Ackley.

92. Upon information and belief, the aforesaid negligent hiring, training, supervising and/or retention on the part of the Defendants contributed to the incident which occurred on October 13, 2024, which resulted in the injuries sustained by the Plaintiff.

93. Upon information and belief, Defendants knew or had reason to believe Defendant Ackley would act the way he did on October 13, 2024 because there was a least one prior excessive use of force claim against him. Upon information and belief, the Defendants were aware of this allegation prior to hiring Defendant Ackley.

94. As a direct, legal and proximate result of the Defendants' illegal acts and omissions, Plaintiffs have been damaged and endured violations of their rights to be free from excessive force under the Fourth Amendment of the United States Constitution and were deprived of his freedom and enjoyment of life. Plaintiff William Huyben sustained injuries to his leg, knee, cervical spine, upper body, and upper/lower extremities while being placed under arrest; was forcibly handcuffed; has experienced stress, mental anguish, humiliation, and damages to his reputation; and there are other unknown injuries and damages of which Plaintiff is not presently aware. Plaintiff Kerry Huyben suffered severe emotional trauma by witnessing the assault on her husband.

95. By reason of the foregoing, the Plaintiffs have been damaged in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## AS AND FOR PLAINTIFFS' FIFTH CAUSE OF ACTION - 42 USC 1983 MUNICIPAL VIOLATIONS

96. Plaintiffs repeat and reallege the allegations made in paragraphs 1 through 95 as if they were set forth fully herein.

97. Prior to, during, and after October 13, 2024, the date of the alleged incident herein, Defendants have permitted and tolerated a pattern and practice of unjustified, unreasonable and illegal use of force against civilians by their police department and police offices. Although such illegal uses of force were improper, the officers involved were not prosecuted, disciplined or subjected to restraint, and such incidents were in fact covered up with official claims that the uses of force were justified and proper. As a result, Defendants and its employees were caused and encouraged to believe that civilians could be abused under circumstances not requiring the use of excessive force, and that such beatings would in fact be permitted by the Defendants.

98. In addition to permitting a pattern and practice of improper abuses of civilians, the Defendants have failed to maintain a proper system for the investigation of all incidents of excessive use of force by their police officers.

99. Defendants have maintained a system of review of unjustified excessive use of force by their police officers that has failed to identify improper conduct by their police officers and failed to impose upon their police officers who use excessive and illegal force discipline, supervision or restraint so that it has become the custom of the Defendants to tolerate excessive and illegal force upon individuals and other wrongful actions by their police officers.

100. Defendants have failed to properly and adequately instruct, train and supervise their police officers with respect to the force permitted to be used in effecting arrests.

101. The foregoing acts, omissions, systemic flaws, policies and customs of Defendants caused police officers of their police department to believe that excessive and illegal force and other improper actions would not be aggressively, honestly and properly investigated with the foreseeable result that officers would most likely use excessive force in situations where such force is neither necessary nor reasonable.

102. By permitting and assisting such a pattern of police misconduct, Defendants have acted under color of custom and policy to condone, encourage and promote the deprivation of Plaintiffs rights as guaranteed under 42 U.S.C. §§ 1983 and 1985 as well as under the Fourth, Fifth and Fourteenth Amendments of the U.S. Constitution; to wit, Defendant Ackley's actions were encouraged by Defendants to believe that his actions against the Plaintiffs would be accepted with impunity, just as such actions have been so accepted to date.

103. As a consequence of the Defendants' systemic practice, pattern and custom of intentionally promoting and supporting its police officers' violations of 42 U.S.C. §§ 1983 and 1985, Plaintiffs were deprived of his Constitutional rights to freedom for excessive, unwarranted and abusive police actions. Plaintiffs have been damaged physically, mentally, and emotionally.

104. The Defendants had a duty under 42 U.S.C. §§1983 and 1985, as well as under the Fourth, Fifth and Fourteenth Amendment, New York State Law, and its own rules and regulations to prevent and cease the assault on the Plaintiffs, as well as a duty to investigate, supervise and discipline Defendant Ackley and prevent other wrongful acts that were committed against the Plaintiffs.

105. By reason of the foregoing, Plaintiff William Huyben and Plaintiff Kerry Huyben have been damaged in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**WHEREFORE,** Plaintiffs demand judgment on all causes of action against the Defendants in amounts in excess of the monetary jurisdiction of all lower courts, together with costs and fees as may be deemed just and proper by the Court and demand compensatory damages, punitive damages, and attorney's fees and the costs of this action pursuant to 42 U.S.C. §1983; and for such other and further relief as this Court may deem appropriate.

January 9, 2026
Saratoga Springs, New York

LAW OFFICE OF MARK J. SACCO, PLLC

By: ______________________

Mark J. Sacco, Esq.
*Attorneys for Plaintiffs*
75 Woodlawn Avenue ,
Saratoga Springs, New York
12866
(518) 380-6005
mjs@mjsacco.com

**VERIFICATION**

STATE OF NEW YORK)
ss:
COUNTY OF SARATOGA)

**WILLIAM HUYBEN,** being duly sworn deposes and says:

1. I am the named plaintiff in this action and I reside at 5107 Fairground Avenue, Ballston Spa, New York 12020.

2. I have read the foregoing SUMMONS and COMPLAINT and affirm that the same is true and correct to the extent of my knowledge, except for those facts alleged upon information and belief, which are believed to be true.

Dated: January 9, 2026

[signature]
WILLIAM HUYBEN

Sworn to before me this
9th day of January, 2026

[signature]
NOTARY PUBLIC

MARK J. SACCO
Notary Public, State of New York
No. 02SA6362755
Qualified in ~~Schenectady~~ SARATOGA County
Commission Expires ~~Aug. 8, 20~~ 01/08/2030

**VERIFICATION**

STATE OF NEW YORK)
ss:
COUNTY OF SARATOGA)

**KERRY HUYBEN,** being duly sworn deposes and says:

1. I am the named plaintiff in this action and I reside at 5107 Fairground Avenue, Ballston Spa, New York 12020.

2. I have read the foregoing SUMMONS and COMPLAINT and affirm that the same is true and correct to the extent of my knowledge, except for those facts alleged upon information and belief, which are believed to be true.

Dated: January 9, 2026

KERRY HUYBEN

Sworn to before me this
9th day of January, 2026

NOTARY PUBLIC

MARK J. SACCO
Notary Public, State of New York
No. 02SA6362755
Qualified in ~~Schenectady~~ SARATOGA County
Commission Expires ~~Aug. 8~~ 01/08/2030